UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL TEKLEMARIAM HAGOS,

    Plaintiff,

v.

GOODWILL, et al.,

    Defendants.

CASE NO. 2:22-CV-1436-RSL-DWC

REPORT AND RECOMMENDATION

Noting Date: March 3, 2023

    Plaintiff Daniel Teklemariam Hagos, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkt. 1. On January 5, 2023, the Court reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A. Dkt. 15. The Court determined Plaintiff failed to state a claim upon which relief can be granted but provided Plaintiff with leave to file an amended complaint. *Id*. On January 19, 2023, Plaintiff filed an Amended Complaint. Dkt. 16.

    The Court has considered Plaintiff's Amended Complaint and concludes Plaintiff has not stated a claim upon which relief can be granted. Accordingly, the Court recommends this case be dismissed for failure to state a claim.

## I. Background

In the Amended Complaint, Plaintiff, a pretrial detainee housed in the King County Jail ("Jail"), alleges his rights were violated by Goodwill, Goodwill employees, the Seattle Police Department, and the City of Seattle arising from an incident at Goodwill. Dkt. 16.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an

act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

*Improper Defendants*. In the Amended Complaint, Plaintiff names Goodwill and Diane Still and Suzanne Philen, Goodwill employees, as defendants. Dkt. 16. Plaintiff has not alleged facts sufficient to show Defendants Goodwill, Still, and Philen were state actors acting under the color of state law. Rather, based on the allegations in the Amended Complaint, these three Defendants are private citizens. *See* Dkt. 16. "Generally, private persons cannot be liable under section 1983 unless their actions were 'clothed' with governmental authority." *Goehring v. Wright*, 858 F.Supp. 989, 997 (N.D. Cal. 1994); *see Peng v. Mei Chin Penghu*, 225 F.3d 970, 980 (9th Cir. 2003). "Merely complaining to the police does not convert a private party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989). Defendants Still and Philen allegedly failed to provide a 9-1-1 recording during Plaintiff's trial. Dkt. 16. There are no allegations these three Defendants are state actors or that their actions were "clothed with governmental authority." Therefore, based on the allegations in the Amended Complaint, Defendants Goodwill, Still, and Philen cannot be liable under § 1983 and Plaintiff has failed to state a claim upon which relief can be granted as to these three Defendants.

*Municipal Liability*. Plaintiff also names the Seattle Police Department and the City of Seattle as defendants. Dkt. 16. The Seattle Police Department is not a legal entity capable of being sued under § 1983. *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008) (holding Seattle Police Department is not a legal entity capable of being sued under § 1983).

REPORT AND RECOMMENDATION - 3

Rather, the City of Seattle, a municipality, is the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016).

To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992). Plaintiff has not alleged facts to show the City of Seattle is liable. *See* Dkt. 16. Rather, it is unclear from the allegations in the Amended Complaint what policy the City of Seattle has that amounted to deliberate indifference. Therefore, Plaintiff has failed to state a claim upon which relief can be granted against both the Seattle Police Department and the City of Seattle.

*Heck Bar.* A plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S 477, 486-87 (1994). A "§ 1983 action is barred (absent prior invalidation) –no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) –*if* success

in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Here, Plaintiff's allegations appear to stem from Defendants' conduct related to Plaintiff's arrest and conviction. Dkt. 16. He contends Defendants Still and Philen failed to provide evidence during his trial. *Id*. Plaintiff requests monetary relief and that several defendants be imprisoned. Thus, if Plaintiff were granted the relief he seeks, his underlying convictions would be invalidated.

As Plaintiff's allegations amount to an attack on the constitutional validity of his underlying convictions, the Amended Complaint may not be maintained under § 1983 unless Plaintiff can show the convictions have been invalidated. *See Heck*, 512 U.S. at 486-87; *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). Plaintiff does not allege his convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, the Court finds the Amended Complaint should be dismissed as *Heck* barred.

*Failure to State a Claim.* In the Amended Complaint, Plaintiff fails to clearly allege facts that show his rights were violated. Dkt. 16. Plaintiff's allegations are difficult to understand and it is unclear what actions Defendants took or failed to take that violated Plaintiff's constitutional rights. Plaintiff's conclusory allegations are insufficient to show properly named Defendants personally participated in the alleged constitutional violations. As Plaintiff has not alleged facts sufficient to show a person acting under color of state law violated his constitutional rights, he has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

### III. Conclusion

For the above state reasons, the Court finds Plaintiff's Amended Complaint should be dismissed without prejudice and this case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on March 3, 2023, as noted in the caption.

Dated this 14th day of February, 2023.

David W. Christel
United States Magistrate Judge